UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOREST GUARDIANS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civ. No. 06-2115 (GK) |
| | ) |
| DIRK KEMPTHORNE, et. al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Dirk Kempthorne, Secretary of the Interior; and Dale Hall, Director, U.S. Fish and Wildlife Service ("FWS") (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Forest Guardians, Public Employees for Environmental Responsibility, Center for Native Ecosystems, Jews of the Earth, Con Slobodchikoff, David Lightfoot, Ana Davidson, and Bob Luce (collectively "Plaintiffs"):

**INTRODUCTION**

1. The allegations set forth in Paragraph 1 constitute Plaintiffs' characterization of its lawsuit, to which no response is required.

2. The allegations set forth in Paragraph 2 constitute Plaintiffs' legal conclusions, to which no response is required.

**JURISDICTION AND VENUE**

3. The allegations set forth in the first sentence of Paragraph 3 are legal conclusions to which no response is required. With respect to the allegations in the

second sentence, Defendants admit that they received a notice letter from Plaintiffs on August 17, 2006. To the extent the allegations in the second sentence of Paragraph 3 are legal conclusions, no response is required.

4. The allegations set forth in the first sentence of Paragraph 4 are legal conclusions to which no response is required. Defendants admit the allegations in the second sentence. The allegations in the third sentence of Paragraph 4 are legal conclusions to which no response is required.

## PARTIES

5. Regarding the allegations in Paragraph 5, Defendants admit only that Plaintiff Forest Guardians submitted the February 23, 2004, petition to list the Gunnison's prairie dog as threatened or endangered under the Endangered Species Act ("ESA"). Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 5, and on that basis deny the allegations.

6. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 6, and on that basis deny the allegations.

7. Regarding the allegations in Paragraph 7, Defendants admit only that Plaintiff Center for Native Ecosystems signed the petition to list the Gunnison's prairie dog as threatened or endangered under the ESA. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7, and on that basis deny the allegations.

8. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 8, and on that basis deny the allegations.

9. Defendants lack sufficient knowledge to admit or deny the allegations

contained in Paragraph 9, and on that basis deny the allegations.

10.     Regarding the allegations in Paragraph 10, Defendants admit only that Plaintiff Con Slobodchikoff signed the petition to list the Gunnison's prairie dog as threatened or endangered under the ESA. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 10, and on that basis deny the allegations.

11.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 11, and on that basis deny the allegations.

12.     Regarding the allegations in Paragraph 12, Defendants admit only that Plaintiff Dr. Ana Davidson signed the petition to list the Gunnison's prairie dog as threatened or endangered under the ESA. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 12, and on that basis deny the allegations.

13.     Regarding the allegations in Paragraph 13, Defendants admit only that Plaintiff Bob Luce was a signatory to the August 17, 2006, notice letter. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 13, and on that basis deny the allegations.

14.     Regarding the allegations in Paragraph 14, Defendants aver that the Secretary of the Interior has responsibility for implementation of the ESA with respect to terrestrial and freshwater species. Defendants admit the remaining allegations contained in Paragraph 14.

15.     Regarding the allegations in Paragraph 15, Defendants aver that the Director of the FWS is legally charged with administering the ESA with respect to

terrestrial and freshwater species.  Defendants admit the remaining allegations contained in Paragraph 15.

## THE ENDANGERED SPECIES ACT

16. The allegations contained in Paragraph 16 characterize 16 U.S.C. § 1531(b) and 16 U.S.C. § 1533, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain meaning are denied.

17. The allegations contained in Paragraph 17 characterize 16 U.S.C. § 1532(6) and 16 U.S.C. § 1532(20), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain meaning are denied.

18. The allegations contained in Paragraph 18 characterize 16 U.S.C. § 1533(a)(1) and 50 C.F.R. § 424.11(c), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain meaning are denied.

19. The allegations contained in Paragraph 19 characterize 16 U.S.C. § 1533(b)(1)(A), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain meaning are denied.

20. The allegations contained in Paragraph 20 characterize 16 U.S.C. § 1533(b)(3)(A), 50 C.F.R. § 424.14(a), and 50 C.F.R. § 424.14(b) which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain meaning are denied.

21. The allegations contained in Paragraph 21 characterize 50 C.F.R. § 424.14(b)(2), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to its plain meaning are denied.

Defs' Answer to Pls' Cmplt. For Decl. and Inj. Relief
Page 4

22. The allegations contained in Paragraph 22 characterize the ESA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

23. The allegations contained in Paragraph 23 characterize 16 U.S.C. § 1533(b)(3)(C)(ii), which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain meaning are denied.

24. The allegations contained in Paragraph 24 characterize 16 U.S.C. § 1533(b)(3)(A), 16 U.S.C. § 1533(f), 16 U.S.C. § 1536(a)(2), 16 U.S.C. § 1538(a)(1)(B), (G), and 50 C.F.R. § 424.14(b)(3), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

## FACTUAL ALLEGATIONS

25. Defendants admit the allegations contained in Paragraph 25.

26. Defendants admit the allegations contained in the first sentence of Paragraph 26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence, and therefore deny the same.

27. Defendants admit the allegations contained in Paragraph 27.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 28, and therefore deny the same. Defendants deny the allegations in the fifth sentence of Paragraph 28.

29. Defendants admit the allegations contained in the first, second, third and fourth sentences of Paragraph 29. Defendants deny the allegations in the fifth sentence of Paragraph 29.

30. Defendants deny the allegations in the first and second sentences of Paragraph 30. Defendants admit the allegations in the third sentence of Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore deny the same.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants admit the allegations in Paragraph 38.

39. Due to vagueness and ambiguity, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny the same.

40. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and therefore deny the same.

41. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny the same.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45, and aver that before the final rule was adopted, there was no final agency position to change. Defendants further aver that during the administrative process earlier recommendations of staff were evaluated but not adopted as the final position of the agency.

46. Defendants deny the allegations in Paragraph 46 and aver that the final decision is made by the Secretary's appropriate delegee.

## FIRST CLAIM FOR RELIEF

47. Defendants incorporate by reference their answers to Paragraphs 1-46 above.

48. The allegations contained in Paragraph 49 characterize 16 U.S.C. § 1533(b)(3) and 50 C.F.R. § 424.14(b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning are denied.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. The allegations in Paragraph 56 are legal conclusions, to which no response is required.

57. Defendants deny the allegations contained in Paragraph 57.

58. The allegations in Paragraph 58 are legal conclusions, to which no response is required.

59. The allegations in Paragraph 59 are legal conclusions, to which no response is required.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

WHEREFORE, Defendants respectfully request that this Court deny all relief sought by Plaintiffs, grant judgment to Defendants, and grant Defendants any other appropriate relief.

Dated: March 12, 2007                    Respectfully submitted,


                                       MATTHEW J. MCKEOWN
                                       Acting Assistant Attorney General
                                       JEAN E. WILLIAMS, Chief
                                       LISA LYNNE RUSSELL, Assistant Chief
                                       U.S. Department of Justice
                                       Environment and Natural Resources Division
                                       Wildlife and Marine Resources Section

                                       <u>/s/ Kristen Byrnes Floom</u>
                                       KRISTEN BYRNES FLOOM, Trial Attorney
                                       DC Bar No. 469615
                                       P.O. Box 7369
                                       Washington, D.C. 20044-7369
                                       Telephone: (202) 305-0210
                                       Facsimile: (202) 305-0275
                                       Kristen.Floom@usdoj.gov

                                       Attorneys for Federal Defendants